Indian claims; appeal from Indian Claims Commission; scope of appellate review; Macomb area in Florida. — On Maroh 14,1975 the court issued the following order:
Before davis, Judge, Presiding, Nichols and ktjnzig, Judges.
“This case comes before the court on appeal by the Seminole Indians of the State of Florida from a final order of the Indian Claims Commission, dated January 16, 1974, [33 Ind. Cl. Comm. 70, Instrument No. 38], which dismissed appellant’s claim for the 5-million-acre ‘Macomb area’. The case has been submitted and is considered on the briefs and oral argument of counsel.
“Insofar as the Indian Claims Commission, with respect to the part of its determination from which appeal is taken, decided ultimate issues of law, the court agrees with those rulings. Insofar as the Commission found facts, the court holds that those findings are supported by substantial evidence in the record as a whole and that the Commission did not err in omitting or failing, as appellant charges, to make other relevant findings. On the foregoing basis and on the record before it, the court upholds the Commission’s determination that (a) the United States never intended to grant, and the Seminóles never acquired, recognized title to the so-called Macomb reservation; (b) the so-called ‘Everett Amendment’ did not in any way authorize or require grant of such title; (c) Congress never authorized in any other enactment the grant of recognized title to the Macomb area; (d) the Seminóles never acquired such title under executive orders; and (e) appellant has failed to show that the Semi-nóles had, at the times relevant to this claim, any compensable right, title or interest in the 5-million-acre Macomb area.
“The claim that the Seminóles acquired, after 1832, aborigi-. nal Indian title to the so-called Macomb reservation was not presented to the Commission and is therefore not properly before us; in any event it is overwhelmingly contradicted by the record. The claim for recovery on the basis of breach of contract was likewise not presented to the Commission.
*877 “As for the claim based on tbe fair and honorable dealings clause of the Indian Claims Commission Act, it is far from certain that this issue was actually or properly raised 'below. It is not mentioned in the pleadings nor can we find it, in any significant form, in the written submissions to the Commission, but it was apparently referred to in passing in oral argument before the Commission by appellant’s counsel. The Commission does not discuss the question, evidently considering that the issue was not before it. If such a claim is properly before us on this appeal, we cannot reverse the Commission on that ground. The appellants rely on evidence in the record which shows that U.S. General Macomb in 1839 and U.S. Colonel Worth in 1842, in order to quiet the Semi-nóles, represented to them that they would be left undisturbed on the area in issue and would not be required to remove to the West, concealing that removal West remained the Government’s fixed policy. The deception, if any, which might have fallen short of fair and honorable dealings, was in the concealment of the removal policy and not in any unfulfilled promise of a permanent Florida habitation. While removal of Seminóles to the West continued after 1842, the claimants now before us claim in right of Seminóles who never left Florida. The claims, if any, of Western Seminóles are not before us on this appeal. In the circumstances, whatever claim based on fair and honorable dealings any Indian may have does not come before us in connection with the Macomb tract which is the subject of the instant appeal.
“it is therefore CONCLUDED and ORDERED that the said order and decision of the Indian Claims Commission be and the same is affirmed.”
On April 25, 1975 the court denied appellant’s motion for rehearing of the foregoing order.